# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHRISTINA P.,

Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

Defendant.

Case No. 20-cv-734-MMA (BLM)

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

[Doc. No. 25]

On April 16, 2020, Christina P. ("Plaintiff") filed this social security appeal challenging the denial of her "application for Title II Social Security Disability Insurance benefits and Title XVI Supplemental Security Income benefits." Doc. No. 1 ¶ 1. The Court referred all matters arising in this social security appeal to the assigned Magistrate Judge for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1. *See* Doc. No. 5. On March 10, 2021, the Court granted the parties' joint motion to remand the action to the agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* Doc. No. 21. Plaintiff now requests attorneys' fees in the amount of $14,939.38 pursuant to the Equal Access to

1

Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  *See* Doc. No. 25.  The Commissioner has not filed a response to Plaintiff's motion.  *See* CivLR 7.1.e.2, 7.1.f.3.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 26.

The EAJA allows a prevailing party to seek attorneys' fees from the United States within thirty days of final judgment.  *See* 28 U.S.C. § 2412(d).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)); *see also* 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment . . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable.").  If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from.  *See* Fed. R. App. P. 4(a)(1)(B).  "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Shalala*, 509 U.S. at 301–02).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Here, the Court finds that Plaintiff is the prevailing party in this action for the purposes of attorneys' fees, the motion is timely, and the amount of fees is reasonable.[1] Accordingly, the Court **GRANTS** Plaintiff's unopposed motion for an attorneys' fees award of $14,939.38 pursuant to the EAJA.

**IT IS SO ORDERED**.

Dated: July 27, 2021

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge

---

[1] Counsel seek attorneys' fees based on 71.9 hours and the EAJA statutory rate, adjusted for the cost of living, of $207.78.  *See* Doc. No. 25-1 at 4; Deane Decl., Doc. No. 25-2 ¶¶ 4, 6.  The Court notes that four attorneys performed work on behalf of Plaintiff.  *See* Doc. No. 25-1 at 5; Deane Decl., Exh. B, Doc. No. 25-2 at 6.  However, only one attorney provides information detailing her experience.  *See* Dean Decl., Doc. No. 25-2 ¶¶ 2–4.  No information is provided regarding the experience of the other three named attorneys.  *Cf.* "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) ("This court applies the principles set forth in *Hensley*—and other cases interpreting 42 U.S.C. § 1988—to determine what constitutes a reasonable fee award under the EAJA.").  Despite the oversight in not providing justification for their rate, the Court takes judicial notice of the attorneys' several years of experience, counsel provide billing records, and counsel do not seek a rate in excess of the statutory rate—as modified by cost of living, *see Statutory Maximum Rates Under the Equal Access to Justice*, U.S. Courts for the Ninth Circuit (first citing 28 U.S.C. § 2412 (d)(2)(A); then citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005); and then citing 9th Cir. R. 39-1.6), https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 26, 2021).

20-cv-734-MMA (BLM)